IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ISRAEL MATHURAM,<br><br>  Plaintiff,<br><br>  v.<br><br>VERMONT SERVICE CENTER – USCIS, et al.,<br><br>  Defendants. | Civil Action No.: PX-23-0034 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ISRAEL MATHURAM,<br><br>  Plaintiff,<br><br>  v.<br><br>VERMONT SERVICE CENTER – USCIS,<br><br>  Defendant. | Civil Action No.: PX-23-0124 |

### MEMORANDUM

On February 10, 2023, this Court consolidated the above-referenced cases and directed Plaintiff Israel Mathuram to file an amended complaint. ECF No. 4. Plaintiff has since filed several supplements and related correspondence, ECF Nos. 5-8, 10-11, as well as an Amended Complaint and supplement. ECF Nos. 13 & 15. Because the Amended Complaint supersedes his other pleadings, the Court need not address Plaintiff's other filings. Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis, which shall be granted. After review, the Court finds that the Amended Complaint and Supplement must be dismissed for the following reasons.

Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court is mindful, however, of its obligation to construe liberally pleadings authored by pro se parties.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations … It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Plaintiff sues the U.S. Citizenship and Immigration Services (USCIS) Vermont Service Center and its Director; he also sues Judge Amy Berman Jackson and United States Attorneys Brian Hudak and Matthew Graves.  *Id.* at 1-2.  The claims stem from his failure to obtain residency status, and the dismissal of another matter he had filed in the United States District Court for the District of Columbia.  *See Mathuram v. Vermont Service Center – USCIS*, Civil Action No. 22-2274.  *Id.* at 8; ECF Nos. 13-1, 15.  As relief, Plaintiff seeks monetary damages and his permanent residency card.  ECF No. 13 at 9.

The Court cannot review any decisions made in Mathuram's District of Columbia matter.  Should he wish to challenge any decisions in that case, he must pursue such relief before that Court or appeal the district court rulings to the proper United States Court of Appeals.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the

district courts of the United States, … except where a direct review may be had in the Supreme Court.").

As for claims against Judge Jackson who presided over the District of Columbia case, she enjoys judicial immunity from suit. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Judicial immunity is absolute – it affords protection from damages suits entirely. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) (per curiam). Thus, all claims against Judge Jackson must be dismissed with prejudice.

Additionally, the Amended Complaint has named Brian Hudak and Matthew Graves, but appears to fault them for their roles in the D.C. District Court matter. The allegations, in short, amount to no more than repackaged dissatisfaction with the outcome of a case for which this Court has no jurisdiction. Accordingly, the claims against Hudak and Graves are dismissed for insufficiency.

As to the remaining defendants, USCIS Vermont Service Center and its Director, Plaintiff appears to take issue with how these defendants handled his application for permanent residency. ECF No. 15 at 1-3. Plaintiff further alleges that the delay in obtaining his permanent residency has prevented him from receiving his social security pension. ECF No. 13 at 8. Because the remaining claims concern only events that took place through the USCIS Vermont Service Center, the Court concludes that Vermont, not Maryland, is the proper venue for the suit. Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in – (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Plaintiff does not allege that any of the offending actions took place in Maryland. Accordingly, this Court will dismiss the claims against Defendants USCIS Vermont Service Center and its Director without prejudice so that Plaintiff may pursue the claims in the District of Vermont, if he chooses. *See* 28 U.S.C. § 1406(a) (Court "shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought.").

      A separate Order follows.

| | |
|---|---|
| 5/31/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |